**IN THE COURT OF APPEALS OF IOWA**

No. 24-1759
Filed January 23, 2025

**IN THE INTEREST OF R.R.,**
**Minor Child,**

**D.B., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, Judge.

　　A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

　　Jane M. Wright, Forest City, for appellant mother.

　　Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

　　Sabrina M. Dow of Sabrina M. Dow Attorney at Law, PLLC, Mason City, attorney for minor child.

　　David Allen Grooters of Pappajohn, Shriver, Eide & Nielsen, P.C., Mason City, attorney and guardian ad litem for minor child.

　　Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2011. She contends this court should decline to terminate her parental rights based on three circumstances described in Iowa Code section 232.116(3) (2024). After a de novo review of the record, *see In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021), we affirm the termination of her parental rights.

The Iowa Department of Health and Human Services (HHS) became involved with the family in March 2023 after receiving a report that the mother was using methamphetamine. In April, the mother voluntarily placed the child in the care of relatives and entered substance-use treatment. When the mother left treatment after only six days and continued exhibiting signs of methamphetamine use, the State petitioned to adjudicate the child in need of assistance (CINA). The juvenile court granted the petition in June.

In June 2024, the State petitioned to terminate the mother's parental rights under Iowa Code section 232.116(1)(e) and (f). Following a termination hearing, the juvenile court found that the State proved both grounds for termination, terminating the mother's parental rights is in the child's best interests, and none of the circumstances set out in section 232.116(3) preclude termination. The mother only challenges the third finding on appeal, arguing against termination and advocating for a guardianship based on three grounds set out in section 232.116(3).

Iowa Code section 232.116(3) states that "[t]he court need not terminate the relationship between the parent and child if the court finds" certain circumstances exist. The mother bears the burden of establishing an exception to termination

under Iowa Code section 232.116(3). *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). But even if she shows one exists, the court need not preserve the parent-child relationship. *See id.* at 475. Whether the court exercises its discretion to preserve the parent-child relationship under section 232.116(3) depends on the unique circumstances of each case and the child's best interests. *Id.*

The mother first argues termination is not necessary under Iowa Code section 232.116(3)(a) because the child is in a placement with a relative. But the exception applies only if "[a] relative has *legal* custody of the child." Iowa Code § 232.116(3)(a) (emphasis added). The court granted HHS legal custody of the child, and HHS placed the child with a relative. Because the child is not in a relative's legal custody, section 232.116(3)(a) does not apply. *See In re A.B.*, 956 N.W.2d 162, 170 (Iowa 2021) (distinguishing between a relative having legal custody of a child and the child being placed with a relative while in the custody of HHS).

The mother next argues that termination will harm the child based on the closeness of the parent-child bond. *See* Iowa Code § 232.116(3)(c). To avoid termination under section 232.116(3)(c), there must be clear and convincing evidence showing "that, on balance, [the closeness of the parent-child] bond makes termination more detrimental than not." *W.M.*, 957 N.W.2d at 315. The mother claims that therapeutic records show that termination will hurt the child's wellbeing because the child's father died in 2017. In an email to the HHS worker, the child's therapist stated that the child wants to maintain contact with the mother because "she has already lost her father and does not want to lose contact with all of her blood family members." But the therapist also stated that "the relationship

[the child] has with mom is viewed as friendship rather than mother/daughter" and the child viewed her grandfather's longtime girlfriend "as her mother figure." Because clear and convincing evidence does not show that terminating the mother's parental rights will not be detrimental to the child, section 232.116(3)(c) does not apply.

Finally, the mother argues against termination by claiming the child, who is over ten years old, objects to it. *See* Iowa Code § 232.116(3)(b). Although the child's preference is not controlling, it is "relevant and cannot be ignored." *In re A.R.*, 932 N.W.2d 588, 592 (Iowa Ct. App. 2019) (citation omitted). But again, the record falls short of showing this exception applies. At the start of the termination hearing, the mother's attorney asked about the child's position on termination because "[the child] changes it. You know, she was here a couple of months ago and didn't want this and then now I'm reading that she does want this." The child's attorney reflected the same understanding of the child's position:

> That's about my understanding . . . as well is, you know, at first she wasn't for termination which is why I bifurcated [the GAL and attorney roles] and now it—it's not sounding like—basically what she says is that she doesn't want to go home if mom is using drugs.
>     . . . .
>     . . . And it's basically, you know, a couple of months ago like I said it was that she was against termination and now it's—it's unclear which is kind of why I bifurcated. So I guess I can't really give you a firm position that she has on termination.

Because the record does not show that the child objected to terminating the mother's parental rights, section 232.116(3)(b) does not apply.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**